# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHANTELLE LOCKHART, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:03-CV-1855 CAS |
| MERIDIAN MEDICAL TECHNOLOGY, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Chantelle Lockhart's motions to strike defendant's designation of proposed experts, Rick Wolf and Gerard Fowler. Plaintiff asserts that both Wolf and Fowler's testimony do not meet the standards for admissibility set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Defendant Meridian Medical Technology ("Meridian") opposes the motion and the motions are fully briefed. The Court finds that it can make a proper Daubert analysis without the need for an evidentiary hearing or oral argument. The Court will grant the motions for the reasons set forth below.

Lockhart, who is African American, filed this action against Meridian, an assembler of pharmaceutical supplies and equipment, asserting she was falsely accused of eating food on the production line and was terminated for the same reason. Lockhart asserts claims based on disparate treatment and a racially hostile work environment. Lockhart brings her claims pursuant to 42 U.S.C. § 1981 and the Missouri Human Rights Act.

The admission of expert testimony in federal court is governed by Federal Rule of Evidence 702. Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001). "Rule 702 reflects an attempt

to liberalize the rules governing the admission of expert testimony." Weisgram v. Marley Co., 169 F.3d 514, 523 (8th Cir. 1999), aff'd, 528 U.S. 440 (2000). The Rule "favors admissibility if the testimony will assist the trier of fact." Clark v. Heidrick, 150 F.3d 912, 915 (8th Cir. 1998). Doubt regarding "whether an expert's testimony will be useful should generally be resolved in favor of admissibility." Id. (citation and internal quotation omitted).

In Daubert, the United States Supreme Court interpreted Rule 702 to require district courts to be certain that expert evidence based on scientific, technical or other specialized knowledge is "not only relevant, but reliable." Daubert, 509 U.S. at 589. The district court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology can be applied to the facts in issue." Daubert at 592-93.

The Eighth Circuit has explained that proposed expert testimony must meet three criteria to be admissible under Rule 702:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires . . . .
>
> The basis for the third prerequisite lies in the recent amendment of Rule 702, which adds the following language to the former rule: '(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.' Fed. R. Evid. 702.

Lauzon, 270 F.3d at 686 (internal citations and punctuation omitted).

The Daubert decision lists several nonexclusive factors a court may examine in performing its "gatekeeper" role of screening expert testimony for relevance and reliability. These are: "(1) whether the theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) whether the theory has been generally accepted." Lauzon, 270 F.3d at 686-87 (internal citations and punctuation omitted). Additional factors which have been developed in subsequent cases include "whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case." Id. (citations omitted). The Daubert list of factors is not exclusive, and does not function as a definitive "checklist or test." Daubert, 509 U.S. at 593-94. Instead, the trial court retains great flexibility in customizing the analysis to fit the facts of each case. See Jaurequi v. Carter Mfg. Co., Inc., 173 F.3d 1076, 1083 (8th Cir. 1999).

**Rick Wolf**

Meridian has designated Rick Wolf as an expert witness to express his opinion regarding plaintiff's ability to find a job. Wolf opines plaintiff's best ability to find a job would be in the manufacturing industry. Wolf also expresses the opinion that plaintiff had more earning potential as a loan officer than in her job with Meridian.

Wolf owns a career management consulting firm that provides corporate outplacement services, behavioral assessment, and management consulting. His company also provides executive search services on a retained basis. Wolf evaluated plaintiff's resume from a perspective of what he would look at if he was working or dealing with plaintiff. Plaintiff argues Wolf's proffered testimony

3

is not relevant, is not based on any kind of specialized knowledge, and that Wolf is not qualified as an expert.

Defendant argues Wolf's testimony will assist the jury in understanding evidence and determining facts regarding plaintiff's duty to and actual efforts to mitigate any damages she may have pleaded and made an effort to prove. Defendant maintains that because plaintiff claims she is entitled to an award of damages for back pay, any such finding or award must be reduced inasmuch as plaintiff has not produced competent supporting evidence that she attempted to mitigate her damages. Defendant contends that although plaintiff contends she is entitled to an award of back pay, she did not use reasonable diligence in finding other suitable employment, thus, Wolf will be able to assist the jury in making a determination whether plaintiff used reasonable diligence in finding other employment. Defendant contends Wolf will assist the jury in understanding the job market, plaintiff's particular job skills, her ability to find suitable employment, and the approximate length of time it should have taken plaintiff to find suitable employment if engaging in a reasonably diligent search for available and appropriate work.

The only question relevant to the admissibility of . . . scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding is whether it is sufficiently reliable and relevant to assist the jury's determination of a disputed issue." Bonner, 259 F.3d at 929 (citing Daubert, 509 U.S. at 594-595). The Court concludes that Mr. Wolf's testimony does not meet this standard. Wolf's proposed opinions concerns matters a lay person could determine. In other words, Wolf's opinions concern matters which the jury does not need an expert in order to understand. Therefore, the Court will grant plaintiff's motion to strike.

**Gerard Fowler**

Plaintiff also moves to strike the defendant's designation of proposed expert Gerard Fowler, a professor at St. Louis University and a labor arbitrator. Fowler opines on two matters. First, that plaintiff's claims lacked the factual support for the union to carry her grievance to arbitration. Second, Fowler opines that had the union taken plaintiff's grievance to arbitration, the grievance would have been denied in its entirety.

Plaintiff argues Fowler's personal opinion on the merits of plaintiff's hypothetical arbitration proceeding does not relate to a "fact in issue." Therefore, plaintiff contends it is not relevant and his testimony should be excluded. Plaintiff notes that her grievance was not taken to arbitration, that the outcome at arbitration is irrelevant in the present matter, and that there is no requirement that the union arbitrate plaintiffs' grievance prior to her filing suit. Plaintiff notes defendant has not made an assertion to the contrary. Thus, while Fowler may be entitled to his own opinion about the outcome of a hypothetical arbitration proceeding, it does not relate to a fact in issue in this case. Plaintiff also argues Fowler's proposed testimony is not reliable.

Defendant responds that Fowler's testimony is relevant and helpful to a jury's determination of whether the Union was correct in its determination not to pursue plaintiff's grievance and whether the grievance would have been denied if it was arbitrated. Defendant also maintains Fowler's testimony will assist the jury in understanding the grievance process and the union's decision not to pursue plaintiff's grievance.

The Court believes Fowler's opinion does not assist the jury in evaluating defendant's alleged reasons for terminating plaintiff or any other issue that might be arguably relevant in this case. Both the union and the grievance process are subjects that are irrelevant in this case, as the union is not a

5

party to the litigation and the union's decisions are not at issue. The relevant issue in this case is whether Meridian's treatment of plaintiff was discriminatory. Plaintiff does not allege that the union breached its duty of fair representation under the National Labor Relations Act, nor does plaintiff make any claims against the union. Thus, the Court concludes any expert opinion on the union's actions is irrelevant. Moreover, because the grievance process is irrelevant, the Court believes Fowler's testimony explaining the grievance process may likely confuse the jury. For all of the above reasons, the Court will grant plaintiff's motion to strike Fowler's proposed expert testimony.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike defendant's designation of proposed expert Gerard Fowler is **GRANTED.** (Doc. 41)

**IT IS FURTHER ORDERED** that plaintiff's motion to strike designation of expert Rick Wolf is **GRANTED.** (Doc. 45.)

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of July, 2005.